Mary H. JAY and Richard B. JAY *v.*
Don PARKER and RANCHETTE HOMESITES, Inc.

76-361                                 547 S.W. 2d 765

Opinion delivered March 21, 1977
(Division II)

*Joe E. Purcell* and *Wm. R. Wilson, Jr., P.A.,* for appellants.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellees.

DARRELL HICKMAN, Justice. The issues in this case are the use of statements made by a party in a pre-trial deposition. The lower court refused to permit the appellants to use prior statements of a party during their case in chief, or in cross examination of the party making the statements.

The appellants, Mary Jay and her husband, Richard, sued Don Parker and Ranchette Homesites, Inc. for assault and battery. The Jays were the owners of a house trailer located in Ranchette Homesites in Saline County, Arkansas. Don Parker was the manager of Ranchette. There had been a problem regarding surface water in the trailer park and there had been a previous dispute, about the surface water, between the Jays and their neighbors, the Flemings. Mary Jay was attempting to change the flow of the water when Mr. Fleming called the manager, Don Parker. Parker approached Mrs. Jay, who had a pick in her hand. Mrs. Jay claims that Parker assaulted her and seriously injured her. Parker denied this and said that Mary Jay attacked him with a pick and

brickbats and that he only defended himself. The only witnesses to the fracas were Mr. and Mrs. Fleming and they supported Doñ Parker's version of the incident. The jury returned a verdict for Parker and Ranchette Homesites.

The Jays allege on appeal that two questions and answers from Mr. Parker's pre-trial deposition should have been admitted to the jury as evidence in their case in chief and the court should have permitted these questions and answers to be used to impeach Don Parker's testimony.

Those questions are as follows:

Q. When Mr. Jay asked you why you attacked very brutally and beat up his wife, what was your answer?

A. I don't remember.

Q. Could you have told him because she was on your property?

A. I could have.

The lawyers for the parties entered into a standard agreement at the time the deposition was taken and agreed not to object to the form of the questions. When the Jays attempted to introduce the two questions and their answers during presentation of their case in chief, the court excluded the evidence because the possible prejudice of the questions outweighed the evidentiary value of the answers. We do not disagree with the ruling of the trial court on this point. The first question does assume matters which are disputed, and the answers are evasive and not in the form of admissions. However, when Parker testified he was very positive in his memory. He was asked the question:

Q. Didn't you tell him you attacked his wife because she was on Ranchette property?

A. No, sir, I did not.

At this point, attorney for the Jays attempted to ask Parker if

he had not testified differently in his deposition. The court would not, again, permit the use of the questions and answers. We feel the trial court was wrong. The real issue before the jury was the credibility of the witnesses, and particularly the credibility of the two parties. Although the first question assumes certain facts in dispute, the answer is clearly evasive and is inconsistent with Parker's testimony that he did not make a statement to Mr. Jay. See *Wigmore on Evidence,* Vol. 3, § 1037.

We feel the trial court should have permitted the use of the questions and answers during cross examination since credibility was a prime issue in the case and the testimony of a party was involved.

Therefore, we will reverse the decision and remand the case for a new trial with instructions to permit the use of the questions in cross examination, providing, of course, a proper foundation is laid.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.